UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SANDRA KING,**

   **Plaintiff,**

**v.**                                                          **Case No. 3:16cv191/MCR/EMT**

**CATHOLIC CHARITIES OF
NORTHWEST FLORIDA, INC.,**

   **Defendant.**
                              /

# ORDER

The parties' motions in limine are presently before the Court. For the following reasons, the motions are granted in part and denied in part.

**1.**    **Defendant's First Motion in Limine, ECF No. 43**

Defendant moves to exclude damages evidence arising from Plaintiff's termination. Defendant argues that this evidence relates only to Plaintiff's original claim for wrongful termination, on which summary judgment was granted in its favor, and thus is not relevant to the failure to accommodate claim that remains pending in the case. The Court disagrees. Plaintiff initially alleged two separate theories of disability discrimination arising from the same common nucleus of operative facts—one claim for intentional discrimination by wrongful termination, and one claim for failure to accommodate. *See* ECF No. 1. The Court's resolution

of Plaintiff's intentional discrimination claim on summary judgment did not establish anything, as a matter of law or fact, about whether she is entitled to recover damages on her failure to accommodate claim based on the same operative facts.

Based on the summary judgment record, there may be sufficient evidence presented at trial from which a reasonable jury could find that Defendant's failure to accommodate Plaintiff's disability caused her termination and the emotional damages resulting therefrom. *See Holly v. Clairson Indus., L.L.C*., 492 F.3d 1247, 1263 n.17 (11th Cir. 2007) (stating that in the context of a failure to accommodate claim involving a termination, a plaintiff must show that his employer failed to accommodate his disability and that "but for [the] failure to accommodate . . . he would not have been terminated"). In that scenario, evidence of damages arising from Plaintiff's termination would be relevant to the damages determination on her failure to accommodate claim. Of course, the trial record may differ from the summary judgment record and those differences may impact the admissibility of this damages evidence. However, on the unique facts of this case, in which Plaintiff's termination appears inextricably intertwined with the alleged failure to accommodate, Defendant's first motion in limine, ECF No. 43, will be denied without prejudice to renew at trial, in the event the trial record does not support the admission of this evidence.

## 2. Defendant's Second Motion in Limine, ECF No. 44

Defendant moves to exclude from evidence the Diocese of Pensacola-Tallahassee Employee Handbook, on grounds that it is irrelevant and would confuse the issues in this case, particularly since the Diocese of Pensacola-Tallahassee is not a party to this case. This argument fails. Defendant's leave policies (including vacation, sick and FMLA leave), as described in its employee handbook, are relevant contextually and also bear on the reasonableness of Plaintiff's requested accommodation. The Court finds no "potential for confusion" arising from the reference to the Diocese of Pensacola-Tallahassee in the title of the employee handbook. Defendant uses this handbook and gives the handbook to its employees, as titled, therefore it is admissible as titled. The Court will give an appropriate limiting instruction, if requested. Defendant's second motion in limine, ECF No. 44, is due to be denied.

## 3. Defendant's Third Motion in Limine, ECF No. 45

Defendant moves to exclude evidence regarding Plaintiff's duration of employment with Defendant as irrelevant and unduly prejudicial. This argument fails. Plaintiff's claim for failure to accommodate requires proof that she was a "qualified" individual, meaning able to perform the "essential functions" of her job. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). Her experiential knowledge of the essential functions of the job and whether she could

perform them, as well as the basis for that knowledge (*i.e.*, having performed the job for many years), are probative of whether she was "qualified" under the ADA. Moreover, Plaintiff is seeking compensatory damages for emotional distress, which involves consideration of factors such as the degree of emotional distress, if any, she suffered, the context of events surrounding her distress, and any evidence tending to corroborate her testimony regarding the distress. *See Akouri v. State of Fla. Dep't of Transp.*, 408 F.3d 1338, 1345 n.5 (11th Cir. 2005). Evidence regarding Plaintiff's length of employment bears on these issues. Under these circumstances, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Therefore, the evidence is admissible and Defendant's third motion in limine, ECF No. 45, is due to be denied.

**4.     Plaintiff's First Motion in Limine, ECF No. 56**

Plaintiff moves to exclude any evidence related to her medical condition after December 1, 2014 or a reasonable period of time thereafter—including medical records from 2015 and 2016, as well as documents from the Social Security Administration regarding her application for and receipt of disability benefits—and any argument that such evidence proves she could not have returned to work on December 1, 2014. Plaintiff argues that this evidence is irrelevant under Rule 401 and unduly prejudicial under Rule 403.

The Court finds that evidence regarding Plaintiff's claim for disability benefits is relevant to the factual issue of whether Plaintiff is a qualified individual, able to perform the essential functions of the job she held with the Defendant. Indeed, Plaintiff's sworn statements to the Social Security Administration ("SSA") about her inability to work during the time period that she alleges Defendant discriminated against her may "negate [this] essential element of her ADA [claim], at least if she does not offer a sufficient explanation." *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *see also Soliday v. 7-Eleven, Inc.*, No. 2:09cv807, 2011 WL 1519670 (M.D. Fla. Apr. 20, 2011) (same). Moreover, to the extent Plaintiff's statements to the SSA are inconsistent with her ADA claim, the statements may also tend to impeach her credibility.

Other evidence related to Plaintiff's medical condition after December 1, 2014 presents a closer call. The Court agrees that representations and admissions in Plaintiff's medical records after December 1, 2014 which indicate that she continued to suffer from the same medical issues that necessitated her request for additional leave would tend to call into question Plaintiff's position that she was able to perform the essential functions of her job during the time period relevant to this case. That said, medical records too temporally removed from Defendant's alleged failure to accommodate have marginal, if any, probative value, and, moreover, introduce the potential for significant confusion and misleading of the jury with respect to

Plaintiff's medical condition during the relevant time period. On consideration, the Court finds that an appropriate balance can be achieved by allowing evidence related to Plaintiff's medical condition between December 1, 2014 and May 30, 2015, which encompasses a reasonable period of time (*i.e.*, six months) after Plaintiff's request for additional leave. Medical evidence beyond that time period is excluded under Rule 403, unless Plaintiff opens the door. Accordingly, consistent with this ruling, Plaintiff's first motion in limine, ECF No. 56, is due to be granted in part, and denied in part.

**5.     Plaintiff's Second Motion in Limine, ECF No. 57**

Plaintiff moves to exclude as irrelevant, confusing to the jury, and unduly prejudicial any evidence or argument related to the fact that her wrongful termination claim was dismissed or that she was otherwise unsuccessful in establishing that claim. Defendant responds that excluding this evidence would be unfairly prejudicial. The Court agrees with Defendant insofar as the underlying *facts* surrounding Defendant's termination of Plaintiff's employment, including Defendant's reason for doing so, are relevant because those same facts also form the basis for her failure to accommodate claim. Thus, they are admissible at trial, most likely with a limiting instruction. However, evidence or argument related to Plaintiff's alternative theory of Defendant's liability (*i.e.*, the wrongful termination claim) and the Court's summary judgment ruling have no probative

value on the remaining claim in this case. That legal theory is no longer at issue and referencing it at trial will likely confuse the jury, waste time, and risk unfair prejudice to Plaintiff. *See Anderson v. Brown Indus*., No. 4:11cv225, 2014 WL 12521732 (N.D. Ga. Mar. 14, 2014) ("Generally, evidence concerning previously dismissed claims is not relevant and, consequently, is not admissible."); *Bryce v. Trace, Inc*., No. 5:06cv775, 2008 WL 906142 (W.D. Okla. Mar. 31, 2008) (granting motion in limine to exclude reference to claims resolved by summary judgment or dismissed because "shielding such matters from the jury is common practice"). Accordingly, Plaintiff's second motion in limine, ECF No. 57, is due to be granted regarding references to the wrongful termination claim that was resolved by summary judgment, but denied with respect to the underlying facts surrounding her termination.

**6.     Plaintiff's Third Motion in Limine, ECF No. 58**

Plaintiff moves to exclude any testimony, reference to, or argument that Defendant "accommodated" Plaintiff by granting her leave under the Family and Medical Leave Act ("FMLA") or by permitting her to use other accrued leave, on grounds that such information is irrelevant and would confuse the issues, mislead the jury, and unduly prejudice Plaintiff. This argument fails. The reasonableness of a past or proposed accommodation is a material question of fact to be resolved by the jury. *See Jackson v. Veterans Admin*., 22 F.3d 277, 283 (11th Cir.

1994). Plaintiff will have the burden of proving that she was qualified to perform her job with or without a reasonable accommodation, and Defendant is entitled to rebut Plaintiff's claims with evidence and argument that it reasonably accommodated her disability. This evidence is central to an essential element of Plaintiff's failure to accommodate claim; therefore, its admission would not confuse the issues, mislead the jury, or unduly prejudice Plaintiff. Accordingly, Plaintiff's third motion in limine, ECF No. 58, is due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant's First Motion in Limine to Exclude Evidence Regarding Plaintiff's Damages, ECF No. 43, is **DENIED WITHOUT PREJUDICE** to renew at trial, as discussed above.

2. Defendant's Second Motion in Limine to Exclude from Evidence the Diocese of Pensacola-Tallahassee Employee Handbook, ECF No. 44, is **DENIED**.

3. Defendant's Third Motion in Limine to Exclude Evidence Regarding Plaintiff's Duration of Employment with Defendant, ECF No. 45, is **DENIED**.

4. Plaintiff's First Motion in Limine to Exclude Evidence Regarding Plaintiff's Medical Condition or Treatment After December 1, 2014 and to Prohibit Speculative Argument that Plaintiff Could Not Have Returned to Work on December 1, 2014, ECF No. 56, is **GRANTED** in part and **DENIED** in part, as discussed above.

5. Plaintiff's Second Motion in Limine to Exclude Evidence or Argument Regarding Plaintiff's Dismissed Wrongful Termination Claim, ECF No. 57, is **GRANTED** in part and **DENIED** in part, as discussed above.

6. Plaintiff's Third Motion in Limine to Exclude Reference or Argument that Defendant "Accommodated" Plaintiff by Granting Her FMLA Leave or by Permitting Her to Use Other Accumulated Leave, ECF No. 58, is **DENIED**.

**SO ORDERED**, on this 12th day of August, 2018.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**